**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Shane Edward Limbacher (#2017-0519100) ) | Case No.: 1:19-cv-07509 |
| ) | |
| Plaintiff, ) | Honorable John J. Tharp Jr. |
| ) | |
| vs. ) | |
| ) | |
| Sheriff Thomas J. Dart, et. al., ) | |
| ) | |
| Defendants. ) | |

**JOINT INITIAL STATUS REPORT**

The parties submit this joint initial status report in response to the Court's order ended on March 5, 2020 and the Third Amended General Order regarding the Coronavirus. All parties who have appeared join in the filing of this initial status report.

**I.    The Nature of the Case**

Plaintiff, Shane Edward Limbacher, an inmate in the Cook County Jail, brings this suit pursuant to 42 U.S.C. 1983 and alleges that Defendants Dr Yu, Dr. Khan, Physician Assistant Sims, Physician Assistant Trammel, Physician Assistant Davis, and Dr. McCarthy (collectively "Defendants") were deliberately indifferent to Shane's serious physical injuries. Plaintiff alleges that on November 13, 2017, while in the medical infirmary located in Division 8, tier 4F, Plaintiff tripped and fell over his pant leg while attempting to descend from the examination table.  As a result, Plaintiff claims he suffered injuries to his neck, back, teeth, and left shoulder. Although Plaintiff was seen and treated by Defendants on multiple occasions, Plaintiff filed multiple grievances with the Cook County Department of Corrections requesting more specific medical care for injuries. Since his injuries on November 13, 2017, Plaintiff claims to experience significant pain and limited mobility.

1

Plaintiff seeks injunctive relief requiring the Defendants to provide Shane with adequate medical care, medication, and surgery. Shane also seeks compensatory damages for his ongoing pain and suffering.

Plaintiff believes the four major legal and factual issues in this case are (1) whether Shane had a serious medical condition, (2) whether the jail officials knowingly, purposefully or recklessly failed to provide appropriate medical treatment, (3) whether Shane is entitled to an injunction compelling defendants to provide prompt treatment for his medical condition, and (4) whether and to what extent Shane is entitled to monetary damages.

Defendants believe the two legal and factual issues in the case are 1.) whether Plaintiff suffered a objectively serious injury, and 2.) whether Defendants acted objectively unreasonable in rendering medical and dental care to the Plaintiff.

## II. Jurisdiction

This action is brought pursuant to 42 USC § 1983. The Court has original jurisdiction under 28 USC § 1331.

## III. Status of Service

Defendants Dart, Davis, McCarthy, Sims, Trammel, and Yu have appeared and waived service of process. Defendant Khan has not responded to service issued by the U.S. Marshal's Office. Defendant Khan is expected to require separate representation from the Conflicts Unit of the State's Attorney.

## IV. Proceeding Before a United States Magistrate Judge

Counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously. The parties have not given such consent.

V. **Status of Briefing Any Unresolved Motions**

There are no pending motions before the Court. After the exchange of discovery, Plaintiff may move for preliminary injunctive relief.

Defendants anticipate responding to the complaint by filing an answer. Under the Court's emergency orders, Defendants must file a responsive pleading by July 20, 2020. By agreement, and with the Court's approval, Defendants will file their answer by July 14, 2020.

VI. **Status of Settlement Discussions**

The parties have opened discussions to determine what information each side requires to discuss settlement productively. Counsel will be reviewing the medical and other records to which they have immediate access. The parties do not request a settlement conference at this time.

VII. **Progress of Discovery**

The parties have not initiated discovery.

VIII. **Proposed Case Schedule**

The parties propose the following schedule. Counsel have tried to build time into the proposal to account for unexpected delays and other complications surrounding COVID-19. If the virus or other circumstance prevent the parties from adhering to the schedule, they may request Court permission to modify the schedule.

| Proposed Schedule | |
|---|---|
| **Defendants answer or responsive motion** | July 14, 2020 |
| **Exchange initial disclosures** | July 28, 2020 |
| **Exchange initial written discovery requests** | August 4, 2020 |
| **Exchange expert disclosures** | February 1, 2021 |

| | |
|---|---|
| **Deadline to complete fact witness depositions and close of fact discovery** | **March 1, 2021** |
| **Close of expert discovery** | **April 16, 2021** |
| **Deadline for dispositive motions** | **May 14, 2021** |
| **Deadline for opposition to dispositive motion** | **July 1, 2021** |
| **Deadline for reply** | **July 23, 2021** |

IX. **Agreed action and Telephonic hearing**

    The parties do not request a telephonic hearing. The parties also do not request any Court action at this time.

Respectfully submitted,

PLAINTIFF

By:   */s/ Randy Hack*

Randall A. Hack
Hannah M. Oswald
Locke Lord LLP
111 South Wacker Drive
Suite 4100,
Chicago, IL 60606
Telephone: 312-443-0676
rhack@lockelord.com
hannah.oswald@lockelord.com

DEFENDANTS

By:   */s/ Danielle Mikhail*

Danielle A. Mikhail
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312-603-3368
E: danielle.mikhail@cookcountyil.gov

4