**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Shane Edward Limbacher | ) | |
| | ) | CASE NO. 19 C 7509 |
| Plaintiff, | ) | |
| | ) | Judge John J. Tharp, Jr. |
| vs. | ) | |
| | ) | |
| | ) | |
| Sheriff Thomas J. Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Now come Defendants, Dr. Yu, Physician Assistant Sims, Physician Assistant Trammel, Physician Assistant Davis, and Dr. McCarthy (collectively referred to as "Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Danielle Mikhail, and answers Plaintiff's Complaint follows:

**NATURE OF THIS ACTION**

1. This is an action for constitution violations that Limbacher suffered as a result of each Defendant's wrongful acts and deliberate indifference to Limbachers' substantial risk of suffering serious harm because the Defendants didn't take reasonable available measures to prevent and did not provide adequate medical treatment while Limbacher was an inmate at Cook County Jail. Limbacher brings this action pursuant to 42 U.S.C. §1983.

**Answer: Defendants deny the allegations in paragraph 1.**

**JURISDICTION AND VENUE**

2. This court has jurisdiction over Limbachers claim under 28 U.S.C. §§ 1331, 1343 (a), and 1367.

**Answer: Defendants admit the Court has jurisdiction over Plaintiff's claims.**

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b), because the actions forming the basis of this complaint took place in Cook County.

**Answer: Defendants admit the allegations in paragraph 3.**

**PARTIES**

4. At all times relevant to this complaint, Shane Limbacher was a detainee at the Cook County Jail.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4.**

5. Defendant Thomas J. Dart, Sheriff of Cook County, Illinois is sued in his official capacity.

**Answer: Defendants deny the allegations contained in paragraph 5.**

6. Defendants John Doe #1, and Jane Doe #1, whose identities are unknown to Limbacher at this time. John Doe #1 is the assigned Uniform Policy Enforcer Supervisor at Cook County Jail. Jane Doe #1 is a Neurologist Physician at Stroger Hospital. John Doe #1 was acting within the scope of his employment at Cook County Jail. Jane Doe #1 was acting within the scope of her employment at Stroger Hospital as agent of Cook County Jail.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6.**

7. Physician's Assistant Barbara Davis, Physician's Assistant Mr. Sims, Physician's Assistant Mr. Trammell who, at all times relevant to this complaint, was employed by Cook County Health & Hospital System ("Cermak") at the Cook County Jail and was acting within the scope of their employment at Cermak and as an agent of Cook County Jail.

**Answer: Defendants Davis, Sims, and Trammell deny that at all relevant times they were acting as an agent of Cook County Jail. Defendants admit the remaining allegations contained in paragraph 7**.

8. Dr. Yu, Dr. Khan and Dr. McCarthy who, at all times relevant to this complaint, was employed by Cook County Health & Hospital System ("Cermak") at the Cook County Jail and was acting within the scope of their employment at Cermak and as an agent of Cook County Jail.

**Answer: Defendants Yu, and McCarthy deny that at all relevant times they were acting as an agent of Cook County Jail. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Dr. Khan contained in paragraph 8. Defendants admit the remaining allegations contained in paragraph 8**.

## FACTUAL BACKGROUND

9. As a detainee at Cook County Jail, Limbacher was not at liberty to seek and receive medical attention at his discretion. Additionally, he was not at liberty to choose to wear a uniform of his size. The date when the statement was taken.

**Answer: Defendants deny that Plaintiff was not able to seek or receive medical attention. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9.**

10. On May 19, 2017, upon Limbacher's arrival at Cook County Jail, he was given an oversized uniform with pants that well exceeded his size. The length of his pants leg and his waistline was too large to fit. This was and still is a consistent issue with appropriate sizing not being available during clothing exchange. Limbacher filed two grievances regarding this issue

and received generic responses both times and was not given his proper uniform size. These grievances and their responses are attached as Exhibit A and Exhibit B.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10.**

11. On November 13, 2017, Limbacher was housed in Division 8, Tier 4F. That day while on a check-up with Cermak nurse Jardine in room 4024A, as he attempted to get down off the medical table, his right foot was caught up in his oversized, frayed left pant leg, initiating him to fall to the floor, landing on his head and left shoulder. As a result from the impact from the fall, Limbacher's neck, back and left shoulder was injured. He also cracked and chipped his front teeth from the fall. These injuries has caused great pain and limited mobility in his left shoulder.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11.**

12. Immediately following the fall, Limbacher was transported to Cermak, (Cook County Health and Hospital System) at Cook County Jail and seen by Dr. Yu, who ordered x-rays of his Limbacher's neck and back Dr. Yu declined Limbacher's request for x-rays of his left shoulder and did not perform any physical examinations. Yu told Limbacher that a follow up appointment would be scheduled with an Orthopedic Doctor in the near future to review his progress and charts. Limbacher was quickly dismissed by Dr. Yu and was returned to Division 8. Limbacher did not and has not to this current date been seen by an Orthopedic Doctor.

**Answer: Defendant Yu admits he saw Plaintiff on November 13, 2017. Defendant Yu lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding x-rays contained in paragraph 12. Defendant Yu denies the remaining allegations contained in paragraph 12. Defendant Sims, Trammell, Davis and**

**McCarthy lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12.**

13. On November 16, 2017, Limbacher saw Dentist Dr. Khan in Division 8. He received x-rays and was told by Dr. Khan that she would see him very soon to fix his chipped and cracked front teeth. Despite Limbacher's complaints and request to see Dr. Khan, he did not see her again until September 19, 2018. This grievance and appeal is attached as Exhibit C.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.**

14. On November 23, 2017 the Physician's Assistant (whom Limbacher believes to be) Trammell ordered pain medication and let Limbacher know he would be seeing an Orthopedic Specialist, but would not specify a date.

**Answer: Defendant Trammell denies the allegations contained in paragraph 14. Defendant Sims, Yu, Davis and McCarthy lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.**

15. On December 3, 2017, Limbacher filed Grievance #201719619 regarding severe pain from his cracked bottom teeth and chipped top front teeth from the accident that occurred on November 13, 2017. In this Grievance Limbacher explained that "Dr. Khan would be fixing his teeth very soon" and that he was still waiting. This Grievance is attached as Exhibit D.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15.**

16. On January 8, 2018 following group with Ms. Caputo, Limabacher fell to the ground when he attempted to stand up to leave the class due to the sharp pain in his back.

Limbacher was wheeled back to Cermak where medical professionals did not perform any physical examination. He was returned to Cook County Jail Division 8.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16.**

17. On January 30, 2018, following Limbacher's medical requests to see a doctor, due to his severe pain in his neck, back and shoulder, Limbacher saw Physician's Assistant Sims and was informed by him that Limbacher needs to try physical therapy and he will refer him to an orthopedic doctor as well. Limbacher had one, much delayed physical therapy appointment and given exercises to perform by himself on his bunk in his cell. These exercises were ineffective and caused greater pain. This grievance is attached as Exhibit E.

**Answer: Defendant Sims admits to referring Plaintiff to physical therapy on January 30, 2018. Defendant Sims lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11. Defendant Yu, Trammell, Davis, and McCarthy lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17.**

18. Following additional complaints of the severe pain Limbacher continued to have, on March 2, 2018 he saw Physician's Assistant Trammell. Trammell agreed that Limbacher need to be seen by an Orthopedic Doctor and would make the referral immediately.

**Answer: Defendant Trammell denied the allegations contained in paragraph 18. Defendant Yu, Sims, Davis, and McCarthy lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18.**

19. On May 7, 2018 Trammell met with Limbacher and was surprised that he had not yet seen an Orthopedic Specialist. After looking at Limbacher's x-rays (taken on November 13,

2017) from Cermak he informed Limbacher that he has bulging discs in his neck and back and he would refer him to a specialist in both Neuro, and orthopedic.

**Answer: Defendant Trammell denies the allegations contained in paragraph 19. Defendant Yu, Sims, Davis, and McCarthy lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19.**

20. On May 24, 2018 Limbacher filed grievance #2018 06033 complaining of severe back, neck and shoulder pain. He also expressed his concerns of not seeing an orthopedic specialist as promised on visits; January 30, 2018 and March 2, 2018, with Cermak medical professionals as well as the promise to be seen by a neurologist on his appointment on May 7, 2018. The grievance reply stated that a neuro surgeon is scheduled in July with no acknowledgment addressing Limbacher's concern of not being seen by an Orthopedic Specialist and the pain he's been experiencing. This grievance is attached as Exhibit F.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20.**

21. On May 29, 2018 Limbacher saw Trammell as a result of his continued complaints of extreme pain from his injuries on November 13, 2017. Trammell disclosed that there was an appointment to see a neurologist physician at Stroger Hospital, but wouldn't give the specific date.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21.**

22. On July 25, 2018 Limbacher saw Jane Doe #1 (unknown Neurologist at Stroger Hospital) for an appointment. Limbacher explained his concerns of great pain that he had been experiencing since November 13, 2017. She explained that the pain he's describing should have

been conveyed to his orthopedic physician and that she was only accessing Limbacher for neurological concerns, she scheduled a MRI for his neck and back and let him know that the MRI results need to be reviewed by his orthopedic physician as well. Limbacher explained to Jane Doe #1 that he had not been seen by an orthopedic doctor, she replied “I find that hard to believe”. She dismissed him and sent him back to Cook County Jail with him feeling disrespected and not taken seriously enough to be sure that he would be seen by an orthopedic physician.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22.**

23. Saw Dentist Dr. Khan in Division 8 for his long overdue appointment to fix his cracked and chipped teeth. On that day Dr. Khan recommended that Limbacher have his teeth fixed upon his release because she doesn’t have great equipment to work with. Exhibit C is attached. (See grievance #2018-1186 Appeal).

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23.**

24. On October 20, 2018 filed grievance #2018-13313 complaining about the pain he had been enduring in his neck, back and his left shoulder since December 2017 and that his pain medication wasn’t working. He also asked to be provided with his status of being seen by an orthopedic specialist as promised to him several times. The grievance reply date of January 1, 2018 said that he was scheduled for an MRI but was presented to Limbacher on November 27, 2018 (following his MRI). He appealed the same day stating that he did not in fact have an MRI on his neck and back, but not his shoulder. Three pages of this grievance and appeal is attached as Exhibit G.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24.**

25. On October 1, 2018 Limbacher saw Dr. McCarthy regarding his many complaints of severe left shoulder pain. She scheduled Limbacher for x-rays that were conducted at Cermak on October 11, 2018. Following the x-ray she let Limbacher know that he had bone spurs around his left shoulder. She suggested a cortisone shot to assist his pain. Limbacher let her know that he felt this was only a temporary solution and requested an evaluation from an orthopedic physician. She let Limbacher know that she would not be referring him to an orthopedic physician until he first tried a cortisone shot.

**Answer: Defendant McCarthy denies the allegations contained in paragraph 25. Defendant Yu, Sims, Davis, and Trammell lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25.**

26. On November 13, 2018 Limbacher was seen by Physician's Assistant Barbara Davis in Division 10 of Cook County Jail. Davis addressed Limbacher's many complaints regarding his neck, shoulder and back pain. She reviewed the x-ray of his shoulder and confirmed that he had bone spurs that may be a result of the impact from the fall on November 13, 2017. Davis agreed to refer Limbacher to be seen by an orthopedic physician, Limbacher still has not seen an orthopedic physician to this day.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26.**

27. On November 23, 2018 Limbacher was transported to Stroger Hospital and had an MRI performed (ordered by Jane Doe #1 Neurologist) of his neck and back but not his shoulder the grievance/appeal is attached as Exhibit H.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27.**

28. On December 3, 2018 Limbacher saw Dr. McCarthy (a pain specialist) for a second time. On this visit she reviewed his MRI and acknowledged that he has a herniated disc in his neck and back and he would be referred to an orthopedic physician for his back and neck. Limbacher requested an MRI to be performed on his left shoulder. She once again explained the next step would be cortisone shot prior to any other examinations. Limbacher declined for the second time. McCarthy let Limbacher know, if he changes his mind, he should fill out a meducal request slip and upon request she would provide him with a cortisone shot to his left shoulder. Despite his requests and grievance Limbacher has not been seen for a cortisone shot. The grievance Limbacher has not been seen for a cortisone shot. The grievance appeal #2018 13313 is attached as Exhibit 1.

**Answer: Defendant McCarthy denies the allegations contained in paragraph 28. Defendant Yu, Sims, Davis, and Trammell lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28.**

29. On January 19, 2019 Limbacher was sent to Stroger Hospital to meet with Jane Doe #1 (Neurologist) for review of his MRI that was performed on his neck and back on November 23, 2018. She did not express any serious neurological concern at this time. Limbacher expressed concern of his continued severe pain since November 13, 2017. She advised Limbacher to address these concerns with his orthopedic doctor. Limbacher again

explained that he has not seen, or had an evaluation with an orthopedic physician. She suggested that he does so immediately and will make the recommendation to his primary care doctor.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29.**

30. Following several more request and complaints of severe pain in the neck, back, and shoulder on July 24, 2019 Limbacher saw physician's assistant Davis in Division 10. Limbacher requested to be seen by an orthopedic physician, but Davis declined the request and said that Limbacher needs to accept the fact that he will live with the pain for the rest of his life and nothing else could be done. Grievance/Appeal #2019 07609 is attach as Exhibit J.

**Answer: Defendant Davis denies the allegations contained in paragraph 30. Defendant Yu, Sims, Trammell, and McCarthy lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30.**

31. On or around August 10, 2019 Limbacher filed grievance #2019x07609 regarding the pain in his neck that he been enduring since November 13, 2017 and sent his grievance appeal explaining his many promises to be seen by an orthopedic doctor outlining all of the details. On August 23, 2019 Limbacher again requested to be assessed by an orthopedic doctor. This grievance appeal is attached as Exhibit K.

**Answer: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31.**

32. On September 5, 2019, Limbacher submitted grievance #2019-0957 regarding the severe pain in his left shoulder, describing the pain as it feels like needles or broken glass inside and around his shoulder and many days being unable to lift his arm above his head. In his

response to this grievance on September 25, 2019 requesting to receive a cortisone shot, as previously suggested by Dr. McCarthy (pain doctor) and to be evaluated by an orthopedic doctor as suggested by Jane Doe #7 (Stroger Neurologist). This grievance and response is attached as Exhibit L.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32.**

33. On October 17, 2019, Limbacher filed a grievance stressing that his back is getting worse, and it hurts to bend down to put on and off his shoes, it hurts to sit and he can't get comfortable in bed because the pain is so severe, again he has requested to see a specialist. This grievance is attached as exhibit M.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33.**

34. Throughout the entire period of time, while a detainee of Cook County Jail, Limbacher submitted regular and repeated requsts for medical treatment for his left shoulder, neck and back pain, which received either no response or lengthy delays that unnecessarily prolonged and increased his pain. Limbacher also filed grievances regarding these same issues. He also grieved his unresolved issue of not having fitting uniforms to wear that ultimately caused these issues at hand.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34.**

35. Throughout all their interactions while being seen at Cermak Hospital, Dr. Yu and Dr. McCarthy refused to properly schedule and or follow through with appropriate medical

treatment for Limabachers, despite their knowledge of Limbacher was experiencing and repeated request for treatment.

**ANSWER: Defendants deny the allegations contained in paragraph 35.**

36. Throughout all their interactions while Limbacher was housed in Division 8, Dr. Khan (dentist) disregarded Limbachers' conditions and the severe pain Limbacher was experiencing and Limbacher's repeated regular request for follow-up care that was well delayed and taken seriously for several months.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36.**

37. Throughout the entire period of time that Limbacher was housed in division 8, Limbacher submitted regular and repeated requests for medical treatment regarding his neck, back and left shoulder. Sims and Trammell (Physician's assistants) refused to properly schedule appropriate medical treatment for Limbacher's, despite their knowledge of Limbacher's condition, the severe pain Limbacher was experiencing, and Limbachers repeated and regular request for medical treatment.

**ANSWER: Defendants deny the allegations contained in paragraph 37.**

38. Throughout all their interactions while Limbacher was housed in Division 10, Barbara Davis (Physician's Assistant) refused to properly schedule medical treatment for Limbachers', despite her knowledge of Limbachers' conditions, the severe pain in his neck, back and left shoulder and his regular and repeated request medical treatment.

**ANSWER: Defendants deny the allegations contained in paragraph 38.**

39. Throughout all their interactions while Limbacher was housed in Division 8 and Division 10, Jane Doe #7, while seeing Limbacher at Stroger Hospital refused to properly

schedule and or refer appropriate medical treatment for Limbachers' despite her knowledge of Limbachers conditions, the severe pain Limbacher was experiencing despite his request to see the appropriate physician to access Limbachers' ongoing pain since November 13, 2017.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39.**

40. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The proper and adequate healthcare provided to Limbacher continues to the present day. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which the plaintiff seeks.

**ANSWER: Defendants admit there is no remedy for Plaintiff. Defendants denies that Plaintiff is entitled to judgment against Defendants and denies that Plaintiff is entitled to any relief thereof.**

**Count 1**

**(Against All Defendants for Deliberate Indifference to Limbachers' Serious Medical Needs Pursuant to 42 U.S.C. § 1983)**

41. Limbacher restates and realleges paragraphs 1-40 as if fully set forth herein.

**ANSWER: Defendants reincorporates and restates their answers to paragraphs 1-40 as set forth above.**

42. Limbachers' neck, back, left shoulder and front teeth injuries resulted in serious medical needs for both the treatment of the injuries and managing the resulting pain.

**ANSWER: Defendants deny the allegations of paragraph 42.**

43. Defendants were aware that Limbacher had serious medical needs and consciously failed to take reasonable measures to provide treatment for Limbachers' serious medical needs.

**ANSWER: Defendants deny the allegations of paragraph 43.**

44. As a result of Defendants' actions and inaction, Limbacher was harmed and suffered prolonged, unnecessary pain and did not receive necessary medical care that has worsened his conditions.

**ANSWER: Defendants deny the allegations of paragraph 44.**

45. The Defendants did not take the reasonable available measures to abate Limbachers medical conditions and pain, even though a reasonable medical care provider(s) in the circumstances would have appreciated the injuries this caused to Limbacher.

**ANSWER: Defendants deny the allegations of paragraph 45.**

46. By not providing Limbacher with appropriate medical care, each of the Defendants caused injuries to Limbacher for which they are liable.

**ANSWER: Defendants deny the allegations of paragraph 46.**

47. At all related times, Defendants acted under color of state law.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47.**

**Relief**

A declaration that the acts and omissions described herein violated rights under the constitution and the laws of the United States; injunctive relief to provide Limbacher with appropriate medical care and medication and surgery; Judgment entered in his favor and against each Defendants; Compensatory damages in an amount to be determined at trial; Punitive

damages in an amount to be determined at trial; costs; reasonable attorney's fees and expenses; and other such relief that this court deems just and proper.

**ANSWER: Defendants deny that Plaintiff is entitled to judgment against Defendant and denies that Plaintiff is entitled to damages or any relief thereof.**

The plaintiff demands that this case be tried by a jury. YES

**ANSWER: Defendant admits.**

**AFFIRMATIVE DEFENSES**

Defendants, Dr. Yu, Physician Assistant Sims, Physician Assistant Trammel, Physician Assistant Davis, and Dr. McCarthy, through their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorney, Danielle Mikhail, sets forth the following affirmative defenses:

1. Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendants are entitled to the defense of qualified immunity.

2. The Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004), therefore his claims are barred.

3. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent any Defendant is named in his official capacity, Defendant is immune from having to pay punitive damages to Plaintiff.

4. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to the two-year statute of limitations.

5. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

6. Defendant reserves the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

**JURY DEMAND**

Defendants respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendants, Dr. Yu, Physician Assistant Sims, Physician Assistant Trammel, Physician Assistant Davis, and Dr. McCarthy, denies that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of the Defendants' fees, costs and such other relief that this Court deems just and appropriate.

It is therefore respectfully requested that the Court grant appropriate compensatory damages, fashion appropriate prospective relief for plaintiff, and that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ _Danielle Mikhail*
Danielle Mikhail
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3368