**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Shane Edward Limbacher | ) | |
| | ) | CASE NO. 19 C 7509 |
| Plaintiff, | ) | |
| | ) | Judge John J. Tharp, Jr. |
| vs. | ) | |
| | ) | |
| | ) | |
| Sheriff Thomas J. Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DART'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

NOW COME Defendant, Sheriff Thomas J. Dart in his official capacity (herein after "Defendant"), by and through his attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistant, Danielle A, Mikhail, and pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

**I. ITRODUCTION**

In his complaint, Plaintiff's alleges that while housed at the Cook County Department of Corrections, he received inadequate medical care from approximately November 13, 2017 through October 17, 2019. Dkt. 1, p. 1 – 14. Plaintiff names Sheriff Thomas J. Dart, in his official capacity, as a Defendant in the lawsuit. *Id.* at 6. However, beyond naming Defendant Dart as a party, Plaintiff makes no mention of any facts or allegations against Defendant Dart within the body of his complaint. Accordingly, Plaintiff has failed to state any claim against Defendant Dart and the Court should dismiss Defendant Dart from the case with prejudice.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570; 127 S. Ct. 1955 (2007). A claim is "plausible" when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it requires "*more than a sheer possibility* that a defendant has acted unlawfully." *Id.*, at 556 (emphasis added). Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." *Id.*, at 557. A plaintiff is not required to make "detailed factual allegations," but there must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 678). Nor should a court "strain to find inferences favorable to plaintiffs" or accept unreasonable inferences. *Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 673 (7th Cir. 1992). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true; "if they do not, the plaintiff

pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc*., 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## II. ARGUMENT

### A. Plaintiff Pleads No Facts Against Dart in his Individual or Official Capacity.

In 28 U.S.C. § 1983, there can be no *de facto respondeat superior* liability on Dart in a supervisory role. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *Kuhn v. Goodlaw*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. Of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Plaintiff's complaint has failed to allege any facts regarding Dart's personal involvement in his alleged inadequate medical treatment. *See* dkt 1. Accordingly, Plaintiff has failed to state a viable individual capacity claim against Defendant Dart.

Plaintiff has also failed to plead any facts to support an official capacity claim against Defendant Dart. State governmental agencies or employees cannot be held liable in their official capacities in a Section 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy, or practice. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a

person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000).

Again, Plaintiff's complaint fails to state any facts of official capacity misconduct against Dart. Plaintiff makes no allegations of an unconstitutional widespread custom, practice, or policy anywhere in his complaint. In fact, the only time Defendant Dart is mentioned in the entirety of Plaintiff's complaint is under the "Parties" section, where Plaintiff claims "Defendant Thomas J. Dart, Sheriff of Cook County, Illinois is sued in his official capacity." Dkt. 1, p. 6. This is not enough to put Defendant Dart on notice of the allegations posed against him. Thus, because Plaintiff pleads no facts against Defendant Dart whatsoever, Defendant Dart should be dismissed with prejudice from lawsuit altogether.

## CONCLUSION

WHEREFORE, for the above stated reasons, Defendant respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Complaint against Defendant Thomas J. Dart.

Respectfully Submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By:    */s/ Danielle A. Mikhail*
Danielle A. Mikhail
Assistant State's Attorney
50 West Washington, Suite 500
Chicago, IL 60602
312-603-3368