UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shane Edward Limbacher | ) | |
| | ) | 19 cv 7509 |
| Plaintiff, | ) | |
| | ) | Honorable Judge John J. Tharp, Jr. |
| vs. | ) | |
| | ) | |
| | ) | Honorable Magistrate Judge |
| Dr. Yu, et al., | ) | Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shane Edward Limbacher, | ) | |
| | ) | |
| Plaintiff, | ) | 19 cv 05271 |
| | ) | |
| vs. | ) | Honorable Judge John J. |
| | ) | Tharp, Jr. |
| Thomas J. Dart, | ) | |
| | ) | Magistrate Judge |
| | ) | Jeffrey Cole |
| Defendants. | ) | |

DEFENDANTS' MOTION TO
CANCEL GLOBAL SETTLEMENT CONFERENCE

NOW COMES Defendants in *Shane Limbacher v. Dr. Yu, et al*., 19-cv-7509, Dr. Yu,

Physician Assistant Sims, Physician Assistant  Trammel, Physician Assistant Barbra Davis, and

Dr. McCarthy, by and through their attorney, KIMBERLY M. FOXX, State's Attorney of Cook

County, through her assistant, Danielle A, Mikhail, and Defendant Dr. Khan, by and through her

attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistant, Mia

Buntic, also Defendant in *Shane Limbacher v. Thomas J. Dart*., 19-cv-5271, Thomas J. Dart

(collectively "Defendants"), by and through his attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistant, Danielle A, Mikhail, and hereby respectfully requests that this Honorable Court cancel the global settlement conference for the above-captioned cases.[1] In support thereof, Defendants states as follows:

1. Plaintiff has two pending lawsuits in the Northern District of Illinois related to his confinement at Cook County Jail: 1.) *Shane Limbacher v. Dr. Yu, et al*., 19-cv-7509, in which Plaintiff claims he was delayed or denied medical and dental health treatment from approximately November 13, 2017 through October 17, 2019; and 2.) *Shane Limbacher v. Thomas J. Dart*., 19-cv-5271, in which Plaintiff claims he suffered inhumane conditions of confinement at Cook County Jail from approximately August 2017 through April 2018. The Court appointed Plaintiff counsel in case no. 19-cv-7509. (19-cv-7509, dkt. 4.) Plaintiff represents himself *pro se* on case no. 19-cv-5271.

2. In case no. 19-cv-7509, the parties stated in their initial status report that they did not request a settlement conference at this time. (19-cv-7509, dkt 19.)

3. In case no. 19-cv-5271, on September 3, 2020, the Court on its own motion referred the case to the Honorable Magistrate Judge Cole for a settlement conference. (19-cv-5271, dkt. 28.) Because Plaintiff has two pending lawsuits, the parties agreed if a settlement conference were to take place, it would be the most efficient and beneficial to conduct a combined global settlement conference for both of Plaintiff's currently pending lawsuits. (19-cv-7509, dkt. 38; 19-cv-5271, dkt. 32.)

---

[1] The global settlement conference was originally scheduled for November 4, 2020. (19-cv-7509, dkt. 41; 19-cv-5271, dkt. 33.) Due to plaintiff being transferred to a new Illinois Department of Corrections Facility and unable to communicate with his counsel of record on case no. 19-cv-7509, the parties agreed to strike and reschedule the November 4, 2020 global settlement conference to another date. (19-cv-7509, dkt. 46, 47, 48; 19-cv-5271, dkt. 35.) A new date for the conference has not yet been set.

4.      On September 21, 2020, this Honorable Court entered an order which scheduled a global settlement conference in the above-captioned matters for November 4, 2020 at 1:00 p.m. (19-cv-7509, dkt. 21; 19-cv-5271, dkt 33.) The Court ordered Plaintiff to submit his initial demand by October 7, 2020, and Defendants to respond to Plaintiff's demand by October 21, 2020. *Id.*

5.      As a result of Plaintiff being transferred to a new Illinois Department of Corrections Facility and having limited contact with his counsel on case no. 19-cv-7509, Plaintiff filed an agreed motion for extension of time to exchange settlement memorandum. (19-cv-7509, dkt. 42). On October 6, 2020, this Honorable Court granted Plaintiff's agreed motion for extension of time to exchange settlement memorandum, and hereby ordered Plaintiff's settlement demand issued by October 12, 2020 and Defendants to respond to Plaintiff's demand by October 26, 2020. (19-cv-7509, dkt. 43.)

6.      On October 12, 2020, Plaintiff filed a second motion for extension of time to exchange settlement memorandum, explaining that Plaintiff had not been able to schedule a zoom conference with his counsel of record in case 19-cv-7. (19-cv-7509, dkt. 44, 46). On October 13, 2020, this Honorable Court granted Plaintiff's second motion for extension of time to exchange settlement memorandum, and ordered Plaintiff to submit his initial settlement demand within two days of the Zoom video conference. (19-cv-7509, dkt. 46.) The Court further ordered that if the settlement conference date of November 4, 2020 was not feasible, the parties should file a joint motion seeking a new conference date. (*Id.*)

7.      On October 29, 2020, Plaintiff filed an agreed motion to reset the November 4, 2020 global settlement conference date. (19-cv-7509, dkt. 47).  That same day, Plaintiff issued his settlement demand for case no 19-cv-7509 to Defendants. (*Id.*) To date, Plaintiff has not issued a settlement demand for case no. 19-cv-5271.

8. On October 30, 2020, the Court granted Plaintiff's agreed motion to reset the November 4, 2020 global settlement conference date and advised the parties to reach out to his courtroom deputy with proposed dates for a new global settlement conference. (19-cv-7509, dkt. 48; 19-cv-5271, dkt 35.) The Court further ordered that Defendants respond to Plaintiff's settlement demand by November 19, 2020. (*Id.*)

9. After receiving Plaintiff's October 29, 2020 settlement demand in case no. 19-cv-7509, Defendants have realized that the parties are very far apart in how they value the case. Additionally, Plaintiff's settlement demand of case no. 19-cv-7509 explicitly states he will not be willing to reduce his settlement demand, and if so, indicates it will not be reduced by much. Moreover, this demand accounts for only one of Plaintiff's lawsuits in case no. 19-cv-7509. Plaintiff would inevitably be seeking a higher demand at the global settlement conference to account for his second case, no. 19-cv-5271.

10. Additionally, the parties just finished the pleadings stage in both lawsuits when the cases were referred for a settlement conference. Both cases are still engaging in written discovery, and have yet to reach oral discovery. Given the limited amount of discovery to date, facts to be discovered, and theories of liability and defense yet to be explored, as well as any opinions resulting from future expert discovery, Defendants are not in a position to offer more than a nominal amount on either case. Moreover, Defendants believe Plaintiff's settlement demand in case no. 19-cv-7509 to be unsupported by the current record as it stands. Given Plaintiff's demand in 19-cv-7509, and Defendants inability to make substantial moves, a settlement conference would not be productive at this time and would instead waste the time and resources of the Court and counsel.

4

14.     For these reasons, Defendants request to cancel the global settlement conference in both cases. Defendants are open to re-setting a settlement conference at the close of expert discovery in case no. 19-cv-7509.

15.     Counsel for Defendants have spoken with Plaintiff's counsel in case no. 19-cv-7509. Plaintiff's counsel did not take a position on Defendants' motion to cancel the settlement conference as they were not able to meet and confer with their client on the matter.

16.     Counsel for Defendants is not being dilatory in bringing this motion, and apologizes to this Honorable Court and to counsel for Plaintiff for any inconvenience that this motion may cause.

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendant's motion to cancel the global settlement conference for the above-captioned cases.

Respectfully Submitted,

*Counsel for Defendants Yu, Simms, Trammel, Davis, and McCarthy in 19-cv-7509; Counsel for Dart in 19-cv-5271*

Kimberly M. Foxx
State's Attorney of Cook County

By:     /s/ *Danielle Mikhail*_____
        Danielle Mikhail
        Assistant State's Attorney
        Richard J. Daley Center
        50 West Washington, Suite 500
        Chicago, IL 60602
        (312) 603-3368

*Counsel for Defendant Khan in 19-cv-7509*

Kimberly M. Foxx
State's Attorney of Cook County

By:     /s/ *Mia Buntic*_____
        Mia Buntic
        Cook County State's Attorney's Office
        50 W Washington Street
        Suite 2760
        Chicago, IL 60602
        (312) 603-1434

## CERTIFICATE OF SERVICE

I, Danielle A. Mikhail, Assistant State's Attorney, certify that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), I electronically filed the above *Defendants' Motion to Cancel Global Settlement Conference* and caused to be served on counsel of record via ECF filing and the Plaintiff via U.S. Mail at the address listed  below on November 19, 2020.

To:     Shane Edward Limbacher
        Cook County Jail
        #2017-0519100
        P.O. Box 089002
        Chicago, IL 60608

                                */s/ Danielle A. Mikhail*
                                Danielle A. Mikhail