UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shane Edward Limbacher | ) |
| | ) |
| Plaintiff, | ) Case No. 19-cv-07509 |
| | ) |
| vs. | ) Honorable District Court Judge |
| | ) John J. Tharp Jr. |
| Sheriff Thomas J. Dart, et. al., | ) |
| | ) Honorable Magistrate Judge |
| Defendants. | ) Jeffery Cole |

### PLAINTIFF'S MOTION TO EXTEND DISCOVERY SCHEDULE

Plaintiff Shane Edward Limbacher respectfully requests a 45-day extension of time on all discovery and pre-trial deadlines. Counsel for Mr. Limbacher conferred with counsel for the Defendants who indicated they would agree to a 30-day extension. The proposed revised schedule would enable the parties to complete fact discovery, expert discovery and otherwise ready the case for any motion practice and trial. There is good cause for the extension. At the September 15, 2022 status hearing, Mr. Limbacher's counsel informed the Court that he was preparing for a multi-week trial that was scheduled to begin in December 2022 in California state court. The parties in that case had been expecting the trial date to be moved based on five (5) pending motions for summary judgment and in excess of 25 expert depositions. Unfortunately, the California court did not grant the continuance until October 21, 2022, during oral argument on three of five pending motions for summary judgment. The need to continue to prepare for trial presented a continuing conflict that counsel did not anticipate when he last addressed the Court and which had no clear resolution until just a few days ago. An extension would also permit depositions to proceed with the most current information about Mr.

Limbacher's medical condition and recent and planned treatment, which is material to fact and expert discovery for both sides. In support of this Motion, Mr. Limbacher states:

1.\tWith one exception noted below, document discovery is otherwise complete. The parties still need to take fact and expert witness depositions. The parties anticipate in round numbers ten fact witness depositions – the Defendants, the Plaintiff, Plaintiff's treating physician, and possibly another witness or two that may be revealed during the other depositions. The parties have agreed that Mr. Limbacher will appear for deposition on November 18, should the Court grant the relief requested. Other depositions will also be scheduled with dispatch.

2.\tAs Mr. Limbacher's counsel explained to the Court at the last status, he was set for a lengthy trial in California state court in December, 2022. He had anticipated, and told that Court that all indications were that the trial would be postponed and counsel would be freed to take the depositions in this case. Unfortunately, during oral argument on the first three summary judgment motions, the state court deferred a decision on moving the trial while at the same time pushing back hearing dates on the final two motions for summary judgment and the defendants' motion to sever the trials of the five plaintiffs. As a consequence, counsel had to continue, unexpectedly, to be engaged in completing fact discovery and expert discovery in the California case, activities that he thought would have been deferred in September at the hearing on the first two motions for summary judgment. During the October 21, 2022 oral argument on the final two motions for summary judgment, the California court agreed that the December trial would need to be rescheduled for 2023. Opposing counsel in the California case agreed just today to postpone the many expert depositions that were set.

3.\tMr. Limbacher's counsel expects to produce the final documents next week. Counsel has been attempting for some time to obtain Mr. Limbacher's most-recent medical records

130114506v.1

from ongoing treatment. Counsel understands that he will receive those medical records by the end of this week. He will promptly produce the records to defense counsel. The updated records will be relevant to deposition discovery. All counsel should have these records before taking depositions. An extension would assure that depositions will be completed in one sitting with all evidence available to the examining party. That should minimize the risk that fact or expert witnesses would need to provide supplemental testimony before trial.

4. Additionally, Mr. Limbacher has engaged an additional partner at Locke Lord, Brian I. Hays, to help complete discovery on the proposed schedule, meet the deadlines for dispositive motions, and through trial if necessary. *See* Dkt. 86

5. Subject to Court approval, Defendants have agreed to a 30-day extension. Mr. Limbacher suggest a 45-day extension of pending deadlines would be more appropriate. Given the Thanksgiving Holiday, Plaintiff respectfully submits that additional time would limit conflicts with witnesses' holiday travel and other plans. Plaintiff proposes that fact discovery conclude on December 14, 2022. Other dates would follow as set below:

| Event | Previous Deadline | 30 Day Extension | 45 Day Extension |
|---|---|---|---|
| **Deadline to complete fact witness depositions and close of fact discovery** | October 30, 2022 | November 29, 2022 | December 14, 2022 |
| **Exchange expert disclosures** | October 30, 2022 | November 29, 2022 | December 14, 2022 |
| **Close of expert discovery** | December 14, 2022 | December 29, 2022 | January 13, 2023 |
| **Deadline for dispositive motions** | January 30, 2023 | March 1, 2023 | March 16, 2023 |
| **Deadline for opposition to dispositive motion** | March 14, 2023 | April 13, 2023 | April 28, 2023 |
| **Deadline for reply** | April 14, 2023 | May 15, 2023 | May 30, 2023 |

6. The parties commit to completing depositions on the schedule proposed. The parties are next set to appear before the Court on January 5, 2023. Counsel will promptly request an earlier conference and seek the Court's guidance should the parties require the Court's assistance in finishing discovery.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion to Extend Discovery Schedule and enter the schedule proposed above, or that the Court grant such other relief as it deems just and reasonable.

Dated: October 25, 2022

Respectfully submitted,

**SHANE EDWARD LIMBACHER**

By: /s/ *Brian I. Hays*
Counsel for Plaintiff

Randall A. Hack (6187595)
Brian I. Hays (6256068)
Hannah M. Oswald (6333170)
Locke Lord LLP
111 South Wacker Drive
Suite 4100,
Chicago, IL 60606
(312) 443-0676
rhack@lockelord.com
bhays@lockelord.com
hannah.oswald@lockelord.com

130114506v.1

## **CERTIFICATE OF SERVICE**

      I, Brian I. Hays hereby certify that on October 25, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

                                        */s/ Brian I. Hays*
                                        Brian I. Hays

130114506v.1