UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shane Edward Limbacher | ) | |
| | ) | 19 C 7509 |
| Plaintiff, | ) | |
| | ) | Judge John J. Tharp, Jr. |
| vs. | ) | |
| | ) | |
| | ) | |
| Dr. Yu, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MOTION TO REOPEN EXPERT DISCOVERY FOR THE PURPOSE TO DEPOSE EXPERTS

NOW COMES Defendants, Dr. Yu, Dr. McCarthy, PA Davis, PA Sims, and PA Trammell, ("Defendants"). by their State's Attorney, KIMBERLY M. FOXX, through her Assistant State's Attorney, Alexander Preber, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, hereby move this Honorable Court to reopen fact discovery for the limited purpose of Deposing Plaintiff's Experts. In support of this motion, Defendant states the following:

1. On June 15, 2023, This Court held a status hearing regarding this case moving forward after an unsuccessful settlement conference. Defendants attempted an oral motion to reopen expert discovery in order to depose Plaintiff's two experts that they disclosed on December 14, 2022. This court asked that Defendants file a motion to request that expert discovery be reopened. (Dkt. 101).

2. On July 15, 2020, This Court entered the initial discovery schedule. With fact discovery to be closed by March 3, 2021, and close of expert discovery by April 16, 2021. (Dkt. 30)

3. Discovery has been extended in this case approximately six times: July 20, 2020, February 22, 2021, September 13, 2021, April 6, 2022, June 30, 2022, and on October 28, 2022.

4. On October 28, 2022, Judge Cole issued a Final Discovery extension that Fact Discovery is closed on December 14, 2022, Expert Disclosure by December 14, 2022, and expert discovery (including depositions) are to be completed by January 13, 2023. (Dkt. 89)

5. During the Discovery period, Defendants had attempted to depose the Plaintiff on July 13, 2022, October 28, 2022, November 18, 2022, and November 29, 2022.

6. Each of the deposition dates were unsuccessful. On November 28, 2022, Defendants were informed by Plaintiff's counsel that Plaintiff was undergoing medical treatment and could not be deposed.

7. Defendants attempted to set a new deposition date of Plaintiff on December 12, 2022. This date was also canceled as the Plaintiff was unable to sit for his deposition.

8. Defendants made numerous efforts to depose the Plaintiff before expert witnesses were disclosed, but those efforts were unsuccessful.

9. On January 5, 2023, This Court entered an order that Plaintiff's deposition was to be taken no later than January 18, 2023. (Dkt. 90).

10. Plaintiff again, could not sit for his January 18, 2023, deposition. Plaintiff was eventually deposed on January 27, 2023.

11. On February 7, 2023, Judge Cole denied Defendant's oral motion to initiate expert discovery. Judge Cole also set a settlement conference date in an effort settle. (Dkt. 96)

12. Defendants were hopeful that the case would be settled at the conference, as such they delayed a motion to reopen expert discovery in order to depose Plaintiff's experts.

13. Although there is no hard and fast rule on the order in which witnesses or Plaintiff is to be deposed, Defendants believe that deposing a Plaintiff before an expert would be premature.

14. Defendants need to know the extent of Plaintiff's injuries and his account of his allegations before deposing an expert that Plaintiff is presenting. Plaintiff's deposition may determine whether an expert is to be deposed or not. If an expert is deposed before the Plaintiff, depending on the testimony of the Plaintiff, that expert might need to be recalled in order to clarify parts of Plaintiff's testimony.

15. To depose an expert witness is costly compared to that of the Plaintiff. Due to the higher cost, and limited time of the expert, it is only logical to know the full extent of the harm Plaintiff suffered, and what testimony the Plaintiff has that the expert would be reviewing and relaying upon. With the costs and limited time, it would add to the costs to re-depose an expert when Plaintiffs deposition is finally completed.

16. If an expert is deposed before the Plaintiff, the Plaintiff may tailor their testimony to reflect that of the option of their expert witness.

17. The Defendants made multiple attempts to depose Plaintiff well before the end of expert discovery. It is only logical that Defendants would need to depose the Plaintiff before that of the costly expert witness.

18. As reasoned above, Defendants asks that this Court reopen expert discovery for 45 days in order for Defendants to depose Plaintiff's expert witnesses.

WHEREFORE, Defendants respectfully requests this Honorable Court to grants Defendants Motion to reopen expert discovery for 45 days in order to depose Plaintiff's experts and prays for any other relief that his Honorable Court deems necessary and just.

                Respectfully submitted,
                Kimberly M. Foxx
                State's Attorney of Cook County

By:

                */s/ Alexander Preber*

                Alexander Preber
                Assistant State's Attorney
                Civil Actions Bureau
                Richard J. Daley Center, Room 520
                Chicago, IL 60602
                (312) 603-3141
                Alexander.Preber@Cookcountyil.gov

## **CERTIFICATE OF SERVICE**

I, Alexander Preber hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents on June 22, 2023.

                                                        */s/ Alexander Preber*
                                                        Alexander Preber