IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Shane Edward Limbacher, | ) |
| | ) |
| Plaintiff, | ) Case No. 19-cv-07509 |
| | ) |
| vs. | ) Honorable District Court Judge |
| | ) John J. Tharp Jr. |
| Sheriff Thomas J. Dart, et. al., | ) |
| | ) Honorable Magistrate Judge |
| Defendants. | ) Jeffery Cole |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO REOPEN EXPERT
DISCOVERY FOR THE PURPOSE TO DEPOSE EXPERTS**

Defendants' Motion to Reopen Expert Discovery for the Purpose to Depose Experts ("Motion") should be denied. Although styled as a motion to extend time under Federal Rule of Civil Procedure 6(b), the Motion is, in fact, an untimely objection to Judge Cole's February 7, 2023 order denying Defendants' oral motion to initiate expert discovery. (Dkt. 96.) Pursuant to Rule 72(a), Defendants were required to file any objection to the order within 14 days. "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

**A.  Defendants Failed to Timely Object to Judge Cole's Order Denying Defendants' Motion to Depose Plaintiff's Experts**

Defendants' recitation of the procedural history of discovery is correct, if incomplete. After Judge Cole entered the Final Discovery extension on October 28, 2022 (Dkt. 89), the parties were working cooperatively to complete depositions. Due to scheduling conflicts, illnesses, and medical issues, the parties had not completed the depositions of all fact witnesses by the December 14, 2022 fact discovery cut-off. Defendants had not yet taken Plaintiff's deposition. Plaintiff had not completed the depositions of Defendants Davis and Sims and had not been able to take the

1

deposition of Defendant Trammel. The parties agreed to work together to complete the five outstanding depositions.

On December 14, 2022, Plaintiff disclosed two expert witnesses.[1] Dr. Ryan Herrington will testify in part that in his expert opinion based on years of working in correctional facilities around the country, the medical treatment Plaintiff received from Defendants fell below the standard of care for a correctional facility. Dr. Sebastian Ko, Plaintiff's current orthopedic surgeon, will offer expert medical testimony both as a treating physician regarding his diagnosis and treatment of Plaintiff's shoulder and as an expert witnesses to offer opinions on the diagnosis and treatment of Plaintiff by Defendants and the appropriate standard of care and treatment for patients complaining of shoulder pain from a fall. The deadline for deposing experts was January 13, 2023. (Dkt. 89.)

At the January 5, 2023 status conference, the parties reported to Judge Cole that they were working to complete the depositions of fact witnesses even though the period for fact discovery

---

[1] Defendants disclosed six experts in Defendants' Rule 26(a)(2) Disclosures but did not provide reports for any of the experts. *See* Exhibit A. The five Defendants disclosed themselves to offer their opinions as treating physicians. To the extent parties to the litigation intend to offer opinions on the treatment they provided to Plaintiff, no expert report was required. However, Defendants failed to provide a sufficient summary of the facts and opinions to which the witnesses are expected to testify as required by Rule 26(a)(2)(C). *See Cripe v. Henkel Corp.*, 318 F.R.D. 356, 359-60 (S.D. Ind. 2017) (barring experts where party failed to meet the requirements of Rule 26(a)(2)(C)); *Ogle v. Koorsen Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 879 (S.D. Ohio 2018) (same). To the extent Defendants intend to offer expert opinion on the standard of care for medical treatment, Defendants were required to offer expert reports for each of the six witnesses. When a treating physician is disclosed to offer opinions on the standard of care, an expert report is required. *See E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) ("[A] treating physician can provide an expert opinion without submitting a written report if the physician's opinion was formed during the course of the physician's treatment, and not in preparation for litigation."); *Patel v. Gayes*, 984 F.2d 214, 218(7th Cir. 1993) (opinion regarding general medical standard of care is "classic" expert testimony formulated when preparing for litigation).
    The sixth expert, Dr. James Kapotas, was offered to provide an expert opinion on the treatment *he* provided to Plaintiff and his opinion that *he* met the standard of care in providing those services. Ex. A, ¶ 6. Dr. Kapotas is not a defendant in this lawsuit. Whether he met the standard of care is not relevant. Moreover, to the extent he intends to offer opinion on the standard of care owed by the five Defendants, Defendants were required to provide an expert report by December 14, 2022 and failed to do so. As a result, Defendants have not disclosed any expert to testify on the standard of care Defendants owed to Plaintiff to rebut Plaintiff's two experts. *See Finwall v. City of Chicago*, 239 F.R.D. 494, (N.D. Ill. 2006) (barring expert opinions where reports were untimely and incomplete). Under Rule 37(c)(1), Defendants' failure to comply with Rule 26(a)(2)(B) or (C) prohibits them from using any expert testimony from any of the six witnesses in any motion, hearing, or trial. If Defendants attempt to introduce expert testimony before or during trial, Plaintiff will file the appropriate motion to preclude that testimony.

had closed. Judge Cole entered an order reiterating that the dates in the Final Discovery extension were firm, that fact discovery was closed, and denied the parties' agreement to continue fact discovery. The only exception was the deposition of Plaintiff. (Dkt. 90.)

Defendants did not request an extension of the January 13, 2023 expert discovery deadline at the January 5, 2023 status hearing despite Judge Cole's criticism of Plaintiff's counsel for failing to file a motion for extension to complete the depositions of fact witnesses. (*Id.* (counsel "conceded grudgingly that there had been no communication with the court between the Order of 10/28/22 and today regarding the supposed need for more discovery.").) Nor did Defendants file a motion to extend expert discovery before the January 13, 2023 deadline.

The next status hearing was held on February 7, 2023. During the hearing, Defendants made an oral motion to allow them to depose Plaintiff's expert. Judge Cole denied the motion: "Fact discovery and expert discovery have closed. In accordance with the previously ordered schedule, the defendants' oral motion to initiate expert discovery is denied." (Dkt. 96.) Defendants did not file an objection to the February 7, 2023 order within 14 days as required under Rule 72(a). Defendants' statement that they did not file a timely objection to Judge Cole's order denying their motion to depose Plaintiff's expert because the parties had agreed to a settlement conference is not an excuse for ignoring the deadline to object to the February 7, 2023 order. Motion, ¶ 12. Rule 72(a) does not contain an exception to the 14-day deadline for parties who hope the case might settle. Although the order closing discovery hit both sides, Judge Cole was well within his authority to enforce his discovery deadlines. *Finwall*, 239 F.R.D. at 499.

B. **Selectively Reopening Discovery Would Be Unfair and Prejudicial to Plaintiff**

Granting Defendants' Motion would be prejudicial to Plaintiff. Plaintiff relied on Judge Cole's orders closing discovery. Although the parties had agreed to schedule further depositions,

3

Judge Cole's orders prevented Plaintiff from completing the depositions of Defendants Sims and Davis. Plaintiff was also prevented from deposing Defendant Trammell. Defendants made the decision to not depose Plaintiff's experts prior to the January 13, 2023 deadline. Defendants made the decision to not file a motion to extend expert discovery before the deadline. And Defendants decided to not file an objection to Judge Cole's February 7, 2023 order denying the oral motion to depose experts within 14 days. This Court should not excuse Defendants from the tactical decisions they made to accept Judge Cole's orders.

Defendants' request that only they be allowed to reopen discovery to complete the discovery the parties had agreed to before Judge Cole's orders closed discovery would be unfair and prejudicial to Plaintiff. As explained above, both sides had agreed to allow certain depositions to be taken after the discovery cut-off dates. Plaintiff respectfully submits that if the Court were to reopen discovery, the Court should allow both sides to complete outstanding depositions, not just Defendants. Defendants have offered no reason for this Court to reopen discovery to allow the completion of two or five deposition months after the close of discovery.

Plaintiff and Defendants will not be the first litigants who failed to complete all of the discovery they may have wished to take prior to the discovery deadlines. The parties will have to cross-examine the witnesses at trial using the medical records, documents, and, in the case of Dr. Herrington and Dr. Ko, their expert reports. Both sides accepted that reality when they respectively decided to not file timely objections to Judge Cole's orders ending discovery.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion and set a schedule for any dispositive motions and for trial. In the alternative, if the Court decides to grant Defendants' motion to reopen discovery, Plaintiffs ask the Court to reopen discovery for

both sides to complete the five outstanding depositions – Sims, Davis, Trammell, Herrington and Ko.

        Respectfully submitted,

        /s/ Randall A. Hack
        Counsel for Plaintiff

        Randall A. Hack (6187595)
        Brian I. Hays (6256068)
        Hannah M. Oswald (6333170)
        Locke Lord LLP
        111 South Wacker Drive
        Chicago, IL 60606
        (312) 443-0676
        rhack@lockelord.com
        hannah.oswald@lockelord.com

**CERTIFICATE OF SERVICE**

    I, Randall Hack hereby certify that on June 29, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

                                                   */s/ Randall Hack*

133599197v.1