UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shane Edward Limbacher, | ) | |
| | ) | 19 CV 7509 |
| Plaintiff, | ) | |
| | ) | Honorable John J. Tharp |
| vs. | ) | |
| | ) | Jury Trial Demanded |
| Sheriff Thomas Dart, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PHYSICIAN'S ASSISTANT GLENN TRAMMELL'S
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, Physician Assistant Glenn Trammell, by and through his attorneys, Troy S. Radunsky and Zachary G. Stillman, of DeVore Radunsky LLC, and for his Reply in Support of Motion for Summary Judgment against Plaintiff, Shane Limbacher, states as follows:

**ARGUMENT**

**I. Defendant Trammell Did Not Deviate from the Required Standard of Care and Did Not Act Objectively Unreasonable**

The premise of Plaintiff's assertions against Defendant Trammell is wrong. Plaintiff argues that Defendants failed to meet the baseline standard of care when treating his specialized issues. But as a Physician's Assistant ("PA"), Defendant Trammell could not make alternative determinations about the treatment of Plaintiff's specialized issues. Such treatment decisions were more appropriately made by the Physician Defendants primarily responsible for Plaintiff's care. *See, e.g.*, *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996). Plaintiff's arguments to the contrary lack merit.

Here, it is clear from the totality of care given to Plaintiff that Defendant Trammel acted objectively reasonably in addressing and treating Plaintiff's injuries from November 17, 2017.

## II. Defendant Trammell's Treatment of Plaintiff Was Not Objectively Unreasonable.

Plaintiff argues that Defendant Trammell was objectively unreasonable when treating him because Defendant Trammell knew about and ignored the pain and dysfunction in Plaintiff's left shoulder at each interaction. Plaintiff is wrong.

A plaintiff must show that a defendant "*actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Additionally, the obviousness of risks in the medical context can be obscured by the information a patient provides and the need for specialized expertise to understand the implications of a course of treatment. *Id.* at 729. Hence, a medical professional's treatment decision must be "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996).

Here, Defendant Trammell acted appropriately in light of the information conveyed to him by Plaintiff and the information contained in Plaintiff's medical records. Plaintiff first saw Defendant Trammell on November 29, 2017. (SOF ¶ 18). During this appointment, they discussed Plaintiff's shoulder, left hip, and lower back, and Trammel continued Plaintiff's treatment plan. (*Id.*) Trammel made this decision based upon Plaintiff's reports that the pain in his left hip, left shoulder, and lower back was decreasing. (SOF ¶ 19). The record contains no mention of discussion of orthopedics. (*Id.*)

On March 2, 2018, Plaintiff had a follow-up appointment related to lateral neck abscess. (SOF ¶ 27). The record does not mention his left shoulder, lower back, neck, or a discussion of orthopedics. (*Id.*)

On May 7, 2018, Plaintiff saw Defendant Trammell and discussed his neck and lower back and stated that he was getting little relief from physical therapy. (SOF ¶ 29). Defendant Trammell

2

referred Plaintiff to neurosurgery. Again, the record does not mention orthopedics or Plaintiff's left shoulder. (SOF ¶¶ 30-31). Thereafter, on May 29, 2018, Plaintiff saw Defendant Trammell for his neck and back and reported a decrease in pain. (SOF ¶ 32).

Plaintiff did not see Defendant Trammell again until October 9, 2018. (SOF ¶ 37). This appointment concerned Plaintiff's left shoulder and occurred seven days after his appointment with Dr. McCarthy, who addressed Plaintiff's left shoulder and ordered x-rays of the same. (SOF ¶ 35). Given that Dr. McCarthy addressed Plaintiff's injury and ordered x-rays a few days prior to his October 9, 2018, visit, Defendant Tramell followed Dr. McCarthy's treatment plan. (SOF ¶ 37).

Plaintiff contends that he had multiple interactions with Defendant Trammell related to a purported need to see an orthopedist, none of the five separate medical records contain any notes regarding orthopedics. Moreover, even Plaintiff's descriptions of his treatment do not reflect deliberate indifference by Defendant Trammell. Defendant Trammell is a physician's assistant responsible for monitoring Plaintiff's developing symptoms. He did so. He is not expected to devise a treatment plan for complex ailments, like Plaintiff's shoulder issue, that require more knowledge. Therefore, Defendant Trammell rightly deferred to the treating Defendant Physicians.

Further, Plaintiff cannot prove that Defendant Trammell failed to schedule an orthopedic appointment for him. Reasonable delays in the Cook County Department of Corrections' treatment of detainees' non-immediate threatening issues are an unfortunate, but accepted, reality of life behind bars. Jails and prisons are settings of limited resources; therefore, delays are common and, indeed, accepted. *Petties*, 836 F.3d at 730. Sometimes, in limited circumstances, treatment for non-urgent issues might only extend as far as monitoring and alleviation of underlying symptoms. *See, e.g., Collins v. Al-Shami*, 851 F.3d 727, 733-34 (7th Cir. 2017) (determining that treatment by county jail physician was not objectively unreasonable where patient with developing issues was

3

monitored and given over-the-counter medication to alleviate symptoms before being taken to hospital when condition deteriorated).

Ultimately, Plaintiff interacted with Defendant Trammell on five separate occasions regarding his injuries in the totality of Plaintiff's care. Only two visits concerned Plaintiff's left shoulder. However, Plaintiff's insistence that Defendant Trammell allegedly allowed his shoulder injury to linger for months without intervention by a specialist proves objective unreasonableness is wrong, and his reliance on *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010), is misplaced.

In *Berry*, the medical records showed that the plaintiff, an inmate at a county jail, steadily complained of escalating tooth pain. 604 F.3d at 442. A defendant nurse refused to refer Berry to a dentist, insisting that he did not have the authority to do so. *Id.* at 443. The nurse regularly responded to his complaints that the jail did not have a dentist on staff and that the jail's medical staff only treated pain or infections. *Id.* at 438. Instead, the defendant jail doctor gave Berry ineffective pain medication and refused to send him for a basic dental exam, an "inexpensive and commonly sought" treatment to immediately to address severe dental pain. *Id.* at 441. Where he made a modest request for treatment by a dentist, the doctor's "obdurate refusal to alter [Berry's] course of treatment despite his repeated reports that the medication was not working and his condition was getting worse," defeated her motion for summary judgment. *Id.* at 441–42.

Notably, *Berry* is inapplicable to the present case. Plaintiff's medical records do not show that his pain was escalating. Rather, it shows that Plaintiff consistently reported a decrease in pain. More importantly, Defendant Tramell is a physician's assistant who properly dealt with a more complex issue than could be reasonably expected of him. His decision to continue monitoring Plaintiff's issues, regardless of what he allegedly told Plaintiff, is in line with accepted professional judgment. Further, Trammell's deference to the treatment plan put in place by Plaintiff's treating

4

physicians accords with the appropriate standard of care. Plaintiff believes that he is entitled to a higher level of treatment than is generally accepted for jail detainees.

Plaintiff cites the factually dissimilar case of *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989) to show that the delay in x-rays and Plaintiff's referral to a doctor or hospital for more experienced and knowledgeable treatment raises the question of deliberate indifference. This case is inapplicable. In *Mandel*, the defendant PA was not operating in coordination with a doctor and was solely responsible for evaluating patients. *Id.* at 786, n.5. Mandel complained that that he could not walk on his left leg or put any pressure on the left side of his body. *Id.* at 785. Despite Mandel's written requests for x-rays and multiple visits, the defendant PA did not order x-rays and instead inexplicably transferred Mandel to an isolated, six-by-eight-foot cell without a sink or toilet. *Id.* The defendant PA also ignored Mandel's family's requests for outside medical care. *Id.* at 786. Mandel was unable to walk and, by the time he was released, required a complete prosthetic hip replacement, including the ball and socket. *Id*. at 786.

Importantly, here, Defendant Trammell was not the only person responsible for Plaintiff's care. Further, he properly deferred to his superiors who set the course of treatment and guidelines under which he operated. Defendant Trammell followed the protocols set by other doctors in light of Plaintiff's complaints, as opposed to what Plaintiff believes should have occurred. Moreover, Plaintiff fails to proffer any evidence that he was told he would be scheduled for an orthopedic evaluation.

Records from Plaintiff's first visit with Defendant Trammell shows Plaintiff reported an improving condition to his left shoulder about two weeks after the incident. Over the next three visits, medical records contain no information suggesting that Plaintiff's left shoulder was discussed. Plaintiff first discussed his left shoulder with Defendant Trammell on October 9, 2018,

5

a mere seven days after an appointment where his left shoulder was examined, and x-rays were ordered. Defendant Trammell saw that a plan was implemented and followed that the plan. There was no need to further address the injury.

Defendant Trammell acted reasonably and without deliberate indifference to Plaintiff's medical needs. Thus, he therefore cannot be found as deliberately indifferent and summary judgement should be granted in favor of Defendant Physician's Assistant Glenn Trammell on Count I of Plaintiff's Complaint.

## CONCLUSION

Defendant Trammell is entitled to summary judgment regarding Count I of Plaintiff's Complaint. As a matter of law, even taking Plaintiff's version of events as true, Defendant Trammell was not objectively indifferent to Plaintiff's medical needs, and at all times acted reasonably to address Plaintiff's medical needs to the extent he was able and such treatment was available. Plaintiff refused medical advice, believed that his knowledge was superior to trained medical personnel, and wished to dictate his own course of treatment while incarcerated. Defendant Trammell cannot be held responsible for plaintiff's claimed injuries under this set of facts.

WHEREFORE, for the foregoing reasons, Defendant Physician Assistant Trammell, by and through his attorneys, respectfully requests entry of an order as follows:

(1) Defendants' Motion for Summary Judgment is granted; and
(2) Summary Judgment is granted in favor of Defendant Physician Assistant Trammell and against Plaintiff for Count I.

Respectfully Submitted,
Defendant Glenn Trammell

By: */s/ Zachary G. Stillman*
**DeVore Radunsky LLC**

6

Jason E. DeVore
Zachary G. Stillman
230 W. Monroe Street, Ste. 230
Chicago, Illinois 60606
(312) 300-4479
jdevore@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

I, Zachary Stillman, hereby certify that in accordance with Fed. R. Civ P. 5, LR, 5.5 and the General Order on Electronic Case Filing (ECF), **Defendant Physician's Assistant Glenn Trammell's Reply in Support of Motion for Summary Judgment** was filed with the District Court's ECF system on January 30, 2024, serving a copy to all parties.

*/s/ Zachary Stillman*
Zachary Stillman